**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| BRETT KIMBERLIN,<br><br>Plaintiff,<br><br>v.<br><br>HULU, INC., *et al.*,<br><br>Defendants. | ) | Civil Action No. 25-cv-02389-LKG<br><br>Dated: September 10, 2026 |

**ORDER**

In this civil action, the Plaintiff, Brett Kimberlin, brings, among other things, common law claims for defamation, negligence, gross negligence and invasion of privacy, against the Defendants, The Walt Disney Company, Inc., Hulu, LLC, Netflix, Inc., Netflix Australia Pty, Ltd., Apple Inc. (collectively, the Distributor Defendants"), Umbrella Entertainment Pty. Ltd. ("Umbrella"), Vertical Entertainment, LLC ("Vertical"), Anna Vincent, Southern Light Alliance Films, Adam Kamien and Luke Rynderman arising from the production and distribution of a feature-length documentary entitled *The Speedway Murders*. *See generally* ECF No. 37. The Distributor Defendants, Defendant Umbrella and Defendant Vertical have each moved to dismiss the tort claims brought against them in the first amended complaint, pursuant to Fed. R. Civ. P. 12(b)(2) and12(b)(6). ECF Nos. 47, 47-1, 49, 49-1, 60 and 60-1.[1] These motions are fully briefed. ECF Nos. 47, 47-1, 49, 49-1, 60, 60-1, 83, 84, 85, 90 and 91.

In addition, on October 21, 2025, the Distributor Defendants filed an unopposed motion to seal exhibits to seal certain exhibits to the Declarations of Vitto Lazatin, Miguel Sanqui, and Jamie Glinsky in support of their motion to dismiss. ECF No. 34. On January 12, 2026, the Distributor Defendants filed an unopposed motion to seal exhibits to seal certain exhibits to the Declarations of Vitto Lazatin, Miguel Sanqui, and Jamie Glinsky in support of their motion to dismiss. ECF No. 50. On February 19, 2026, Defendant Vertical filed an unopposed motion to

[1] On September 9, 2026, the Court entered a marginal order approving the stipulation of dismissal of Defendants Netflix, Inc. and Netflix Australia Pty, Ltd. ECF No. 93.

seal Exhibit 1 to the Declaration of Peter Jarowey in support of its motion to dismiss. ECF No. 63. Lastly, on February 25, 2026, Defendant Vertical filed an unopposed motion to seal portions of Exhibit A to its Rule 7.1 and Local Rule 103.3 Corporate Disclosure Statement. ECF No. 67.

No objections to the motions to seal have been filed. No hearing is necessary to resolve these motions. *See* L.R. 105.6 (D. Md. 2026).

In light of the foregoing, and for the reasons stated below and in the Court's Memorandum Opinion in this matter, the Court:

(1) **GRANTS-in-PART** the Distributor Defendants' motion to dismiss (ECF No. 49);

(2) **GRANTS-in-PART** Defendant Umbrella's motion to dismiss (ECF No. 47);

(3) **GRANTS-in-PART** Defendant Vertical's motion to dismiss (ECF No. 60); and

(4) **DISMISSES** Counts I, III, IV and V of the first amended complaint as to these Defendants. Fed. R. Civ. P. 12(b)(2).

In addition, the Court finds that the exhibits and documents that the parties seek to file under seal contain sensitive and confidential business information, and that the public disclosure of this information would compromise the confidentiality of the information. The Court is also satisfied that there there are no less restrictive alternatives to sealing this information that would sufficiently protect the confidentiality of this information. And so, the Court also **GRANTS** the parties' respective motions to seal (ECF Nos. 34, 50, 63 and 67).

It is further **ORDERED that** the Clerk is **DIRECTED** to keep and maintain these Exhibits and the confidential portions of Defendant Vertical's corporate disclosure statement **UNDER SEAL**.

A Memorandum Opinion consistent with this Order shall issue.

Judgment shall be entered accordingly.

Each party to bear own costs.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge